IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ISABELLE HEWLETT,<br><br>    Defendant and Appellant,<br><br>  v.<br><br>JANINA M. ELDER,<br><br>    Plaintiff and Appellee. | No. C 09-4670 CRB<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

This is an appeal from Bankruptcy Judge Carlson's September 3, 2009, order disallowing Patricia Hewlett's proof of claim. After some delay, this Court is now in possession of both parties' papers. For the reasons the follow, the judgment of the bankruptcy court is AFFIRMED.

**1.   Background**

This appeal arises out of Sophie Ng's Chapter 11 bankruptcy ("the Ng Bankruptcy"). ER 15. Defendant Hewlett filed a proof of claim in that action in which she asserted a secured claim against the Debtor in the amount of $1,060,000. Id. Hewlett alleged that Ng breached a May 3, 2004, option contract that entitled Hewlett to purchase a piece of property ("the Property") owned by Ng. Id. Hewlett asserted that she had obtained the option after acting as Ng's real estate agent in the transaction through which Ng obtained the Property. Id.

1    Hewlett was represented by counsel for a portion of the proceedings in the bankruptcy
2 court, but she submitted a filing on April 3, 2009, in which she substituted herself as counsel.
3 Id. On August 24, 2007, the Plaintiff in this action, Trustee Janina Elder, served on Hewlett
4 a request for production of documents and a request for admissions. Id. Hewlett did not
5 respond to the request for production of documents. Id. Although Hewlett responded to
6 Plaintiff's request for admissions, she did so two weeks late. Id. at 6. On October 19, 2007,
7 Plaintiff served Hewlett with a first set of interrogatories and a second request for production
8 of documents. Id. Defendant never responded. Id. The bankruptcy court ultimately granted
9 Plaintiff's motion to compel Hewlett to comply with Plaintiff's first request for production of
10 documents. Hewlett did not comply with the order. Id.

11    Hewlett also failed to serve a response to the Trustee's third request for production of
12 documents, second set of interrogatories, and second request for admissions. Id. Hewlett
13 never requested an extension of time to respond to any of the discovery requests, nor did she
14 seek relief from the bankruptcy court's order compelling production of documents. Id.

15    On June 4, 2009, the bankruptcy court held a hearing in which it set the case for trial
16 on September 1, 2009. Hewlett appeared at the hearing on her own behalf. Id. By this
17 point, Hewlett had filed a notice of substitution that informed the Court that she would
18 represent herself. Id. at 161. Her counsel officially withdrew from representation at a
19 hearing on April 24, 2009. Id.

20    On August 25, 2009, Plaintiff filed a motion to disallow Hewlett's claim based on
21 deemed admissions. Id. at 6. The court heard argument on September 1, 2009. Id. Hewlett
22 argued that she thought she had responded to all Trustee's discovery requests. Id. However,
23 despite being placed on notice by the Trustee's motion that she had not, Hewlett failed to
24 bring any responsive documents to the hearing.

25    The bankruptcy judge granted the Trustee's motion to disallow the claim and entered
26 judgment in favor of the Trustee. This appeal followed.

27 ///
28 ///

2

**2.    Standard of Review**

A bankruptcy court's findings of fact are reviewed for clear error, and the Bankruptcy Court's conclusions of law are reviewed de novo. Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007). The reviewing court accepts "findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." Latman v. Burddette, 366 F.3d 774, 781 (9th Cir. 2004). A decision to impose sanctions for noncompliance with non-jurisdictional bankruptcy procedural requirements is reviewed for an abuse of discretion. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706-07 (9th Cir. 1986).

**3.    Discussion**

The bankruptcy judge disallowed Hewlett's claim for two separate but interrelated reasons. First, because Hewlett failed to respond to the Trustee's requests for admission, the judge deemed those requests admitted. Those admissions were fatal to Hewlett's claim. Second, the bankruptcy judge concluded that an order precluding Hewlett from presenting evidence to support her claim for damages was justified as a sanction for Hewlett's failure to obey the court's December 12, 2007, order compelling Hewlett to produce documents. This Court concludes that the bankruptcy judge acted well within his discretion on both counts.

As to Hewlett's admissions, Federal Rule of Civil Procedure 36(a) provides that a party who fails to respond to a request for admission is deemed to have admitted the request.[1] Therefore, because Hewlett failed to respond to Trustee's second set of request for admissions, she is deemed to have admitted, among other things, that she breached her fiduciary duty to debtor and that the contract between the Debtor and Hewlett that formed the basis of Hewlett's claim is invalid. See ER 104-07. Such admissions on their own adequately support the bankruptcy judge's decision to disallow the claim.

As to the order as a sanction for Hewlett's failure to comply with court ordered discovery, the bankruptcy judge similarly acted within his discretion. Federal Rule of Civil

---

[1] Federal Rule of Bankruptcy Procedure 7036 incorporates Federal Rule of Civil Procedure 36 in adversary proceedings.

3

1 Procedure 37 grants courts the authority to sanction parties for failing to respond to discovery
2 and for failure to comply with court orders.[2] Such misconduct can also be punished under
3 the court's "inherent powers" to manage its affairs. Unigard Security Ins. Co. v. Lakewood
4 Eng. & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992). The bankruptcy court has "broad
5 discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and
6 orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses
7 whose use at trial . . . would unfairly prejudice an opposing party." Campbell Indus. v. M/V
8 Gemini, 619 F.2d 24, 27 (9th Cir. 1980) (citations omitted). As illustrated above, Hewlett
9 was cavalierly unresponsive both to the Trustee's requests and to the bankruptcy court's
10 order. Therefore, it was within the bankruptcy court's discretion to prevent Hewlett from
11 preventing any evidence relating to the damages she claimed to have suffered. As the
12 bankruptcy court noted, "[a]bsent proof of her damages, Hewlett's claim must be
13 disallowed." ER 11.

14 Hewlett's brief to this Court provides no reason to second guess the bankruptcy
15 court's judgment. As an initial matter, the brief is nearly incomprehensible. From what this
16 Court can glean from the document, Hewlett objects to the conduct of her lawyer. However,
17 that lawyer withdrew from the action, with Hewlett's consent, in April of 2009,[3] and Hewlett
18 does not point to any specific conduct in the bankruptcy proceedings that is objectionable.[4]
19 She claims that Attridge "agreed" to appear at the September 1, 2009, trial, but has no
20 evidence to support this claim. On the contrary, all the evidence supports the conclusion that
21 Attridge was no longer involved in the case after April of 2009. Moreover, even had
22 Attridge made such a promise, it would not forgive Hewlett's failure to respond to the court's
23 orders or her failure to respond to Plaintiff's request for admissions.

---

[2] Federal Rule of bankruptcy Procedure 7037 incorporates Federal Rule of Civil Procedure 37 in adversary proceedings.

[3] It is worth noting that, in the April hearing in which Attridge was permitted to withdraw as Hewlett's counsel, he informed the Court that he had not been paid by Hewlett and was planning to sue her. ER 163.

[4] Hewlett does refer to her attorney's allegedly unsatisfactory conduct in a previous appeal. There is no explanation as to how that misconduct in any way affected the proceedings in the bankruptcy court.

4

United States District Court
For the Northern District of California

Hewlett also claims that she "did not know about the adversary case," and yet the Trustee has provided numerous proofs of service for various filings. Hewlett has provided no explanation as to how this torrent of paperwork failed to put her on notice of the adversary case. Hewlett also appear to accuse the Trustee of harassing her. However, Hewlett provides no example of this "harassment" other than the fact that the Trustee subpoenaed Hewlett for a second deposition on August 7, 2009. This is hardly harassment. Without a specific example of how the bankruptcy court supposedly abused its discretion, that court's order must be affirmed.

**4.     Conclusion**

For the reasons explained above, the order of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 25, 2010                         CHARLES R. BREYER
                                                 UNITED STATES DISTRICT JUDGE